CARODINE *v.* SOUTHERN NATIONAL INSURANCE COMPANY.

4-4470

Opinion delivered December 21, 1936.

*Gerland P. Patten,* for appellant.

*J. A. Watkins,* for appellee.

BUTLER, J. This action was based upon an insurance policy issued May 2, 1932, by appellee insurance company on the life of O. H. Carodine in which the appellant was named as beneficiary. O. H. Carodine died on the 22d day of February, 1933. There was a trial before a jury which rendered a verdict in favor of the appellee. Judgment was accordingly entered dismissing appellant's complaint.

The appellant argues for reversal the admission of incompetent testimony and error of the trial court in its declarations of law. In our view of the case these errors are unimportant as we think a verdict should have been directed in favor of the appellee. The premiums on the policy were paid at fairly regular intervals in each month until, and including, November 5, 1932. The next premium was due December 2, with a grace period of fifteen days. This premium was not paid on the due date or within the grace period. The succeeding premium due January 2, 1933, was not paid when due. It was the rule of the appellee, when a premium was paid in apt time, to indorse the same on the insured's premium receipt card, but when it was paid beyond the grace period a receipt was given, but payment was not indorsed on the premium receipt card. The reason for this was that under the terms of the policy it automatically lapsed for nonpayment of premium, but might be reinstated if the insured was then in good health.

On January 14, 1933, the agent of appellee company called at the home of the assured when the premiums in default for December, 1932, and January, 1933, were paid by the appellant. The agent gave appellant a receipt. At that time the assured was not at home, and did not make the application for reinstatement, but on the 18th day of January, following, he signed an application for reinstatement stating therein that he was last treated by a physician on August 24, 1932, for biliousness, and that on the date of the application he was free from disease, and in good health and sound physical condition. This application was sent to the home office of the appellee,

and was rejected on January 26, and the premiums for December and January returned and delivered to the appellant. The receipt given by appellee's agent on January 14, 1933, stated that the sum received was the premiums in arrears "which the applicant desires the company to revive," and that the company would not be liable under said policy in case of sickness, accident or death until the policy had been revived on the books of the company, and that if the company should accept the revival application the amount would be credited in the premium receipt book—otherwise, the money would be returned.

It will be seen that the receipt for the premiums paid on January 14, 1933, gave notice of the conditions under which it was received, and that a reinstatement would be necessary to revive the policy. There was no contention made to the effect that, in procuring the application for reinstatement, any misrepresentation was made to the assured or fraud practiced upon him, nor was it shown that any course of conduct had been followed by the insurer to estop it from insisting upon the reinstatement provisions of the policy. Excluding the evidence which it is claimed was incompetent, there remains abundant competent testimony to establish the fact that at the time of the application for reinstatement, and for a considerable period before, the insured was not in good health. Appellant's employer, for whom he had worked three or four years, testified that appellant had been changed from his regular work and given lighter duties some three or four months before his death; that he was allowed to work whenever he wanted to; and that he was not in physical condition to do any work during the month of January, 1933.

Dr. Strauss testified that he was called by the insured's employer and visited the insured on the night of August 11, 1932, at the colored hospital; that he visited him six times during the month of August, four times during September, once in October, six times in November, four times in December, 1932, and twice in January, 1933, on the 14th and 28th of that month.

Because of § 4149, Crawford & Moses' Digest, the doctor did not state the nature of the disease of the insured or the character of the treatment prescribed. It is evident, however, that his illness must have been of a severe nature, and one which justified the insurer from reinstating him.

The appellant complained of certain misrepresentations made by the agent of the appellee at the time he returned to her the premiums for December, 1932, and January, 1933, by which she was induced to surrender the policy. But whatever he said which induced the delivery of the policy to him is of no consequence because at that time it had been canceled, and was of no value to the appellant.

Affirmed.