WALTER BROOKS *v.* BALLENTINE TRUCKING, INC.

5-4028                               408 S. W. 2d 497

Opinion delivered November 21, 1966

*Gean, Gean & Gean,* for appellant.

*Wright, Lindsey & Jennings,* for appellee.

CARLETON HARRIS, Chief Justice. Walter Brooks, appellant herein, instituted suit against Ballentine Trucking, Inc., in the Circuit Court of Pulaski County, alleging that he was injured in North Little Rock on High-

way 67-70, on February 28, 1962, while operating a tractor and trailer for Arkansas Best Freight Systems, Inc. Brooks stated that he drove over a truck tire and wheel in the middle of the highway, causing him to sustain injuries to his knee, back and spine, such injuries partially disabling him, and resulting in extreme pain, loss of wages, and doctor and hospital expenses. The complaint averred that the tire fell from a trailer being pulled by a tractor operated by the agent, servant, and employee of Ballentine, engaged in the employer's business, and that the driver of appellee's truck, Marvin F. Coffey, was negligent in permitting the truck tire to remain upon the highway, at nighttime, and during a rain, the driver sitting nearby in a truck, and failing to remove the tire. Ballentine answered, denying that any agent or employee of Ballentine was operating a tractor-trailer unit at the time and place alleged in the complaint; further, it was asserted that the accident was an unavoidable mishap, and still further that whatever injuries were sustained by Brooks were directly and proximately caused by the driver's own negligence and carelessness. On trial, the jury returned a verdict for Ballentine, and from the judgment so entered, appellant brings this appeal. For reversal, only one point is raised, *viz*, "The trial court erred in granting the appellees Instruction No. 2."

The principal defense in this litigation was that Coffeey was not an agent, servant, or employee of appellee company, and was not engaged in the business of said company when the accident occurred. The proof reflected that Coffey, along with S. T. Lawson, who was also an alternate driver of the truck, and who was riding in the vehicle at the time the tire fell in the road, was employed by HLH Parade Company; neither man was employed by Ballentine. These men had been on a "run" from Alma, Arkansas, to Louisville, Kentucky, and were returning to Alma when the mishap occurred. HLH paid the salaries and expense accounts of these drivers, and both received directions relating to their duties from HLH. This company carried Workmen's Compensation

Insurance on these men, made the withholdings from their pay, reported the withholdings to the Federal Government, and made payments with respect to unemployment compensation, according to Ike Thomas, who handled the routing of the trucks. Thomas testified that HLH owned some trucking equipment, and leased other equipment from Ballentine, and that HLH employees operated both the owned units and the leased units. The witness stated that he had charge of the drivers, and the power to discharge employees, and that he did discharge Coffey sometime subsequent to February 28, 1962. Perry Newman, assistant manager of HLH products at Alma, concurred in the testimony given by Thomas, and John Ballentine, Secretary of the Ballentine Company, also testified that the particular truck involved was one which had been leased to HLH.

A lease agreement between Ballentine and HLH was offered into evidence, such lease being dated September 21, 1961, and executed by John P. Ballentine of the trucking company, and W. B. Beeman, Secretary Treasurer of HLH Parade Company. Included in its provisions are Sections 5 and 6, which read as follows:

"5. Lessee shall purchase and pay for any fuel necessary to operate said equipment during this period. Lessor warrants and represents that the leased equipment is, and that he will repair said equipment and maintain same at his own expense, in first-class condition and in every respect suitable for the transportation of Lessee's products, except as to such repairs as may be necessitated by the sole negligence of Lessee, its agents, servants or employees; that the leased equipment is so constructed and equipped as to comply with all rules and regulations governing its operation over the highways of the United States; * * *

"6. Lessee, during the term of this lease, shall have absolute control over the use of said equipment in the same manner as though it were the absolute owner thereof and shall employ, pay and have absolute control supervision over the operators thereof."

Appellant's sole evidence of agency was his testimony that the name, "Ballentine Trucking Company," appeared on the side of the vehicle,[1] and that Coffey told him that the tire and wheel, heretofore mentioned, "belonged to Ballentine Trucking Company, that he worked for."

Following the introduction of the lease agreement, appellant moved that the pleadings be treated as amended to conform to the proof, and this motion was granted by the court. At the conclusion of the evidence, instructions were given, which included Defendant's Instruction No. 2. In that instruction the jury was first told that Brooks claimed that he had been damaged as a result of negligence on the part of Coffey, the allegation of negligence being that Coffey had knowingly permitted a truck tire to remain upon the highway during a rain, at night, though sitting by in a truck, knowing the tire was on the highway. The court then said:

"If you find and believe from a preponderance of the evidence that at the time and place of the occurrence, Marvin F. Coffey was not an employee of Ballentine Trucking, Inc., then it will not be necessary for you to consider or decide any other issues and your verdict should be returned in favor of defendant, Ballentine Trucking, Inc."

Appellant made a general objection to the entire instruction, but made a specific objection to the quoted portion, stating that it "conflicted with the evidence and the granting of plaintiff's motion to amend the pleadings to conform to the evidence." It is the giving of the quoted portion of the instruction that appellant contends to be reversible error, entitling him to a new trial. This contention is based on appellant's assertion that Ballentine, under Section 5 of the lease, was responsible

---

[1]Appellee offered evidence that there was also lettering on the tractor, which stated, "Leased to HLH Parade Company." Likewise, painted on the side were fuel permits for Tennessee, Kentucky, and Colorado, which were HLH Parade Company permits.

for the maintenance of the truck in question, and that Ballentine was negligent by not furnishing "devices" that would fasten the spare tire to the rack (where the spare tire was housed under the truck).

This case is unusual in that appellant's sole point for reversal relates to evidence that developed during the trial which was totally alien to the theory upon which appellant had instituted his suit. In filing his complaint, appellant contended that Coffey was an agent, servant and employee of Ballentine Trucking Company, and engaged in that company's business at the time of the accident. It was not until the lease was offered in evidence that the new theory of negligence on the part of Ballentine arose, and the theory was not even fully pursued after the pleadings were amended to conform to the proof, *i. e.,* no instructions relating to this alleged negligence were offered.

As far as agency is concerned, there is no question but that the proof overwhelmingly established that the two truck drivers, Coffey and Lawson, were employed solely by HLH. In fact, the question of agency is not argued in appellant's brief.

We do not agree that prejudicial error was committed. Appellant relies on Section 5, but it will be noted that Section 6 provides that HLH shall have "absolute control over the use of said equipment in the same manner as though it were the absolute owner thereof." The evidence shows that the control was exercised over the equipment (tire and wheel) which is the subject of this litigation. Lawson testified that the tire was on the rack under the truck, and that he kept it tied in place. He stated that the last time he looked at it, "I guess at West Memphis somewhere along in there it was," it was secure. Lawson stated that the truck traveled through rather deep water in North Little Rock, and that this water "washed it [the tire] out." Accordingly, the testimony reflects that the tire was in place in the earlier part of the day, and at a time when the vehicle was in

complete charge of the employees of HLH. There was no testimony reflecting that the tire rack was inadeuate or defective at the time Ballentine last had the truck in its possession for maintenance work, nor does the evidence reflect when this truck last was seen or worked on by appellee. Also, there is no evidence that the method of carrying the tire and wheel on this truck was any different from the accepted practice among truckers with similar equipment. In other words, there is a complete absence of proof as to any negligence by Ballentine, and, on this aspect of the case, a jury would have been forced to guess and speculate in order to render a verdict for appellant. This, of course, is not permissible. *Kapp* v. *Sullivan Chevrolet Company*, 234 Ark. 395, 353 S. W. 2d 5. Actually, appellee was entitled to a directed verdict. This being true, any erroneous instructions to the jury are considered harmless. *Carodine* v. *Southern National Insurance Company*, 193 Ark. 376, 99 S. W. 2d 586.

Finding no reversible error, the judgment is affirmed.